The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JESUS OCTAVIO RODRIGUEZ-PAYAN, <br> Defendant. | NO. CR17-233JLR <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Nicholas Manheim and Mike Lang, Assistant United States Attorneys for said District, JESUS OCTAVIO RODRIGUEZ-PAYAN and his attorneys, Arturo Menendez and Craig Suffian, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11:

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters pleas of guilty to the following charges contained in the Superseding Indictment:

    a. *Conspiracy to Distribute Controlled Substances*, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846;

Plea Agreement/*Rodriguez-Payan* - 1
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.  *Conspiracy to Commit Money Laundering*, as charged in Count 2, in violation of Title 18, United States Code, Section 1956(h);

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty pleas, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.  **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

a.  *Conspiracy to Distribute Controlled Substances*, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, are as follows:

*First*, there was an agreement between two or more persons to distribute controlled substances (here, heroin, cocaine, methamphetamine, and fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide));

*Second*, Defendant joined in the agreement, knowing of its purpose, and intending to help accomplish it.

b.  *Conspiracy to Commit Money Laundering*, as charged in Count 2, in violation of Title 18, United States Code, Section 1956(h), are as follows:

*First*, there was an agreement between two or more persons to commit the crime of money laundering[1];

---

[1] The underlying money laundering offenses are 18 U.S.C. § 1956(a), § 1956(a)(1)(B), and § 1956(a)(2). The essential elements of § 1956(a)(1)(B) are as follows:
First, the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of a specified unlawful activity, namely, drug trafficking;
Second, the defendant knew that the property represented the proceeds of a specified unlawful activity; and
Third, the defendant knew that the transaction was designed in whole or in part (i) to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking, or (ii) to avoid a transaction reporting requirement under State or Federal law.

The essential elements of 18 U.S.C. § 1956(a)(2) are as follows:
First, the defendant transported or intended to transport money from a place in the United States to or through a place outside the United States; and

Plea Agreement/*Rodriguez-Payan* - 2
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Second*, Defendant joined in the agreement, knowing of its purpose, and intending to help accomplish it.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which he is pleading guilty are as follows:

    a. For the offense of *Conspiracy to Distribute Controlled Substances*, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846: A maximum term of imprisonment of up to life years and a mandatory minimum term of imprisonment of ten (10) years, a fine of up to $10 million, a period of supervision following release from prison of at least five (5) years, and a mandatory special assessment of $100 dollars.

Defendant further understands that in order to invoke the statutory sentence for the drug offenses charged in Count 1, the United States must prove beyond a reasonable doubt that that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, and/or five-hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, and/or fifty (50) grams or more of actual methamphetamine. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, and five-hundred (500)

---

Second, the defendant acted with the intent to (i) conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking, or (ii) to avoid a transaction reporting requirement under State or Federal law.

Plea Agreement/*Rodriguez-Payan* - 3
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

      b.     For the offense of *Conspiracy to Commit Money Laundering*, as charged in Count 2, in violation of Title 18, United States Code, Section 1956(h): A maximum term of imprisonment of up to twenty (20) years, a fine of up to $500,000, or twice the amount laundered, whichever is greater; a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100 dollars.

      Defendant agrees that the special assessments shall be paid at or before the time of sentencing.

      Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

      Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

      Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

      Defendant understands that by pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

Plea Agreement/*Rodriguez-Payan* - 4
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, including the offenses to which Defendant is pleading guilty, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty pleas may entail, even if the consequence is his mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on his behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw his guilty pleas solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

Plea Agreement/*Rodriguez-Payan* - 6
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offenses:

Defendant JESUS OCTAVIO RODRIGUEZ PAYAN admits that he conspired with others known and unknown to distribute heroin, cocaine, methamphetamine, and fentanyl in the Western District of Washington; and that he also conspired with others known and unknown to launder the proceeds of the distribution of controlled substances in this District back to Mexico.

Defendant admits that he worked with other members of the conspiracy to receive heroin shipped up from Mexico by other members of the conspiracy. Defendant admits that he would store, and cause other members of the conspiracy to store, said heroin pending its distribution in this District. Defendant would also "cut" said heroin at one or more of these locations in Western Washington prior to distributing it. Without limiting the foregoing, Defendant admits that as part of the conspiracy: (1) that he and other members of the conspiracy received over a kilogram of heroin on or about May 28, 2017, and (2) that he and other members of the conspiracy received over a kilogram of heroin in Mountlake Terrace from a driver in a red Toyota Tundra on July 15, 2017. Agents also seized $4,559 in U.S. currency from the Defendant's residence, located at 6003 St. Albion Way, Apt. 206, Mountlake Terrace, Washington on September 26, 2017. Defendant admits that the $4,559 in U.S. currency was the proceeds of drug trafficking.

Defendant further admits that as part of the conspiracy, he would also acquire methamphetamine for distribution. On June 19, 2017, a co-conspirator called Defendant and asked him about the "water," which is code for methamphetamine. Defendant told the co-conspirator that he had a pound of methamphetamine, and another pound would come later. Without limiting the foregoing, Defendant admits to possessing with the intent to distribute one pound of methamphetamine on June 19, 2017.

Defendant admits that he would further distribute, and cause others to distribute, controlled substances as part of the conspiracy. In November, 2016, Defendant discussed with another individual (hereinafter "CW") that Defendant could supply kilogram

Plea Agreement/*Rodriguez-Payan* - 7
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

amounts of cocaine for $32,000 and kilogram amounts of heroin for $34,000. Later in November 2016, CW arranged to obtain an ounce of cocaine from Defendant. Defendant sent co-conspirator Francisco Ruelas Payan to deliver the ounce of cocaine to CW in exchange for $1,300. During the meeting, CW asked Ruelas Payan about obtaining large amounts of drugs for distribution and Ruelas Payan responded that the CW would have to call the number he had arranged the delivery with (the Defendant) because the Defendant was "the boss." The Defendant further admits that he distributed approximately 200 grams of heroin to another individual on June 15, 2017, as part of the conspiracy.

Defendant further admits that as part of the conspiracy, he would acquire and distribute pills containing fentanyl. On July 1, 2017, Defendant and his co-conspirator discussed selling 500 pills to a customer, and the next day, the same co-conspirator reported back to Defendant that the customer had concerns about the pills because they looked different from the previous ones purchased from Defendant. Defendant admits that on or around July 1, 2017, Defendant and his co-conspirator possessed and distributed 500 pills, with a net weight of 50 grams, containing fentanyl.

Defendant admits that he distributed, possessed with the intent to distribute, and/or conspired to distribute no less than 2.2 kilograms of a mixture or substance containing heroin, no less than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, no less than 50 net grams of a mixture or substance containing fentanyl, and no less than 27 grams of cocaine.

Defendant further admits that he also engaged in various types of financial transactions, and caused others in the conspiracy to engage in financial transactions intended to send the proceeds of the conspiracy's sale of controlled substances from the United States to Mexico. Defendant admits that these financial transactions were designed and intended to conceal the nature of the drug proceeds, as well as their source and ownership, and to avoid reporting requirements under state or federal law. These financial transactions included using money service businesses to wire drug proceeds to Mexico, in structured transactions under reporting thresholds. They also included cash

Plea Agreement/*Rodriguez-Payan* - 8
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

deposits of drug proceeds into various Wells Fargo Bank accounts in third party names that were then "funneled" elsewhere as part of the conspiracy, including from Washington to Mexico, and were likewise sometimes structured to avoid bank reporting thresholds.

Without limiting the foregoing, in furtherance of the money laundering conspiracy, Defendant admits that he repeatedly caused co-defendant Jorge Ulloa-Sarmiento to deposit the proceeds of the drug trafficking activities of the conspiracy into various Wells Fargo bank accounts nominally belonging to third parties here in Western Washington, knowing and intending that the proceeds would be withdrawn in other states and/or withdrawn and/or wired to Mexico. Defendant further admits that the $44,880 in U.S. currency found at Ulloa-Sarmiento's residence at 1001 W. Casino Road, # F-105, in Everett, Washington on September 26, 2017, was the proceeds of the sale of controlled substances obtained as part of the conspiracy, and was in the process of being laundered in furtherance of the conspiracy. Defendant further admits that Wells Fargo bank was a federally insured financial institution whose operations impacted interstate and foreign commerce.

Defendant further admits that on or about July 10, 2017, he contacted Maria Maldonado and asked her to wire $50,000 of drug trafficking proceeds to Mexico City through her money transmitting business. Defendant admits that this financial transaction was designed and intended to conceal the nature of the drug proceeds, as well as their source and ownership, and to avoid reporting requirements under state or federal law. Maldonado agreed to make the international transfers for a fee of $100 for every $1,000 transmitted.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

Plea Agreement/*Rodriguez-Payan* - 9
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. **Sentencing Factors.** The parties agree that the following United States Sentencing Guideline (USSG) provisions apply to this case:

    a. A Base Offense Level of 32, pursuant to USSG § 2D1.1(c), based on at least 2.2 kilograms of heroin, five hundred grams of a mixture or substance containing methamphetamine, 50 net grams of a mixture or substance containing fentanyl, and 27 grams of cocaine, which were distributed by Defendant and/or other members of the conspiracy, which Defendant admits was foreseeable to him, which totals approximately 3,330.4 kilograms of converted drug weight;

    b. A 2-level increase for money laundering, pursuant to USSG § 2S1.1(b)(2)(B);

    c. A 2-level increase because the Defendant maintained a premises (one or more stash locations) that were used to manufacture and/or distribute heroin, pursuant to USSG § 2D1.1(b)(12);

    d. A 3-level decrease if the Court concludes Defendant has accepted responsibility pursuant to Paragraph 10 of this Plea Agreement.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. The Defendant understands that the government may seek a 2-level increase due to Defendant's role in the offense as an organizer and leader of criminal activity, pursuant to USSG § 3B1.1(c). Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments as well as any recommendations of the parties, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of

Plea Agreement/*Rodriguez-Payan* - 10
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of imprisonment of eleven (11) years.

Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that he cannot withdraw his guilty pleas simply because of the sentence imposed by the District Court. Except as otherwise provided in this plea agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture of Assets.** The Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The Defendant agrees to forfeit immediately, to the United States, his right, title and interest in any and all property, real or personal, that was used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the conspiracy to distribute controlled substances (as set forth in Count 1), and any property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of this offense. This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853 and includes, but is not limited to:

(1) $4,559 in U.S. currency that was seized from the Defendant's residence in Mountlake Terrace, Washington on September 26, 2017; and,

(2) $44,880 in U.S. currency that was seized from co-Defendant Jorge Ulloa-Sarmiento's residence in Everett, Washington on September 26, 2017.

Defendant also agrees to forfeit immediately, to the United States, his right, title and interest in any and property, real or personal, that represents proceeds of or was involved in the commission of the conspiracy to commit money laundering (as set forth

Plea Agreement/*Rodriguez-Payan* - 11
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in Count 2). This property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) and includes, but is not limited to:

    (1) $4,559 in U.S. currency that was seized from the Defendant's residence in Mountlake Terrace, Washington on September 26, 2017; and,

    (2) $44,880 in U.S. currency that was seized from co-Defendant Jorge Ulloa-Sarmiento's residence in Everett, Washington on September 26, 2017.

The Defendant agrees to fully assist the United States in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect the forfeiture; assisting in bringing an property located outside the United States within the jurisdiction of the United States; and, taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to any of the listed property in any federal civil forfeiture, administrative, or judicial proceeding that may be initiated.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which the Defendant has an interest or control, if that property constitutes or is traceable to proceeds of, or facilitated, the conspiracy to distribute controlled substances or constitutes proceeds of, or was involved in, the conspiracy to commit money laundering.

13. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing

Plea Agreement/*Rodriguez-Payan* - 12
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the institution of any additional charges that have not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

15. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty pleas required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory

Plea Agreement/*Rodriguez-Payan* - 13
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

17. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement/*Rodriguez-Payan* - 14
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 17th day of December, 2019.

_____
JESUS OCTAVIO RODRIGUEZ PAYAN
Defendant

_____
ARTURO MENENDEZ
Attorney for Defendant

_____
CRAIG SUFFIAN
Attorney for Defendant

_____
KARYN S. JOHNSON
Assistant United States Attorney

_____
NICHOLAS MANHEIM
Assistant United States Attorney

_____
MICHAEL LANG
Assistant United States Attorney

Plea Agreement/*Rodriguez-Payan* - 15
CR17-233JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970