The Honorable James L. Robert

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br><br>JESUS OCTAVIO RODRIGUEZ-PAYAN,<br><br>            Defendant | NO.  CR17-233JLR<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

COMES NOW the United States of America, by and through Brian Moran, United States Attorney for the Western District of Washington, and Mike Lang and Nicholas Manheim, Assistant United States Attorneys for said District, and files this Sentencing Memorandum.

The United States respectfully requests that the Court sentence the defendant to the agreed-upon eleven years in prison, followed by five years of supervised release, and the mandatory $100 special assessment.

//

//

//

Government's Sentencing Memorandum - 1
U.S. v. Rodriguez-Payan, CR17-233JLR

## I.      DISCUSSION

This defendant is the twelfth and final conspirator to be sentenced in "Operation Heidra," an investigation that began in November 2016 when the defendant hand-delivered $83,000 in cash to a Drug Enforcement Administration (DEA) cooperating witness, and culminated in September 2017, when the DEA executed search warrants on more than a dozen locations, from Seattle to Spokane to Los Angeles. The defendant, who was in Mexico when those warrants were served, was arrested on February 1, 2019 attempting to enter the United States from Mexico.

The Court is well-acquainted with the facts of this conspiracy, having presided over the sentencing of every other co-defendant in the related case of *United States v. Ruelas-Payan, et al*. (CR17-229). Accordingly, in this Memorandum, the government will attempt to be efficient with the court's time, while still acknowledging the unique circumstances of this defendant.

In determining the appropriate sentence, among the factors for this Court to consider are the nature and circumstances of the offense charged, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense and afford adequate deterrence. 18 U.S.C. § 3553(a). These factors will be addressed below.

### A.  The Guidelines Calculations.

The government generally agrees with the calculations set forth by the Probation Department in its Pre-Sentence Investigation Report. However, the government believes the defendant was one of the local leaders of this enterprise (together with co-defendant Francisco Ruelas-Payan) and thus qualifies for a two level enhancement pursuant to USSG § 3B1.1. The government's position is based upon proffers from other conspirators, and phone calls in which the defendant is either heard instructing others, or being referred to in a position of leadership. Some of these calls include: a recorded call on November 21, 2016 in which the defendant says he will send someone to deliver cocaine (the deliverer turned out to be Ruelas-Payan); a recorded call on 21 November

Government's Sentencing Memorandum - 2
U.S. v. Rodriguez-Payan, CR17-233JLR

2017 in which Ruelas-Payan refers to the defendant as "the boss;" and a recorded call on 7 June 2017 in which the defendant instructs Ruelas-Payan to have co-defendant Ulloa-Sarmiento go to a bank to launder funds.

The defendant has no criminal history, yielding a Criminal History Category of I. Pursuant to the U.S. Sentencing Guidelines, the government calculates the defendant's Offense Level and Guidelines range as follows:

**Count One (Conspiracy to Distribute Controlled Substances):**

Base Offense Level (USSG § 2D1.1):                                              **32**

Maintenance of a drug premises (USSG § 2D1.1 (b)(12))

**+2**

Role in the offense (USSG § 3B1.1)

**+2**

                                                                         **36**

**Count Two (Conspiracy to Commit Money Laundering):**

Pursuant to USSG § 2S1.1, this base offense level is calculated by taking the offense level for the underlying offense from which the laundered funds were derived, which is 36.

Base Offense Level (USSG § 2S1.1 and 2D1.1)                                   **36**

Conviction under 18 U.S.C. § 1956 (USSG § 2S1.1 (b)(2)(B)):

**+2**

                                                                         **38**

Pursuant to USSG § 3C1.1(c), in cases involving money laundering and an underlying offense from which the laundered funds were derived, the counts are grouped according to USSG § 3C1.2(c). (*See,* USSG § 2S1.1, Application Note 6).  The count with the highest offense level is used to determine the offense level. USSG § 3D1.3. Here, the money laundering count produces the higher offense level.  Therefore, the government has used it to determine the offense level for purposes of sentencing.

Government's Sentencing Memorandum - 3
U.S. v. Rodriguez-Payan, CR17-233JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Offense level:

**38**

Acceptance of Responsibility (USSG § 3E1.1):                    **-3**

**Total Offense Level:**

**35**

**Guidelines Range:**                    **168-210 months (14 – 17.5 years)**


**B.  The Defendant's History and Characteristics.**

   The government does not dispute the defendant's biography as reported in the Pre-Sentence Report. This biography paints the picture of a young man (merely age 22) deserving of a sentence below the guidelines range as agreed to by the parties. The defendant has no criminal history, a young daughter, an apparently loving family, the brightness to enroll in college, apparent ambition, and good career prospects had he not turned to drug trafficking. This history supports a sentence reflecting a degree of mercy and compassion, as it is well below the US Guidelines range. However, the proposed sentence is also strict, as it will keep the defendant in prison throughout the decade of his twenties.

   That said, some of these same traits (such as his mental acuity and ambition) may explain why this young man – merely age 19 at the peak of this conspiracy – was trusted enough by a Mexican drug trafficking organization to lead this conspiracy in Western Washington (with his co-conspirator and cousin, Francisco Ruelas-Payan). The defendant was clearly one of the trusted local leaders of this bustling drug enterprise, as reflected in numerous wiretap transcripts where the DEA heard him discussing prices and sales of heroin ("black girl"), methamphetamine ("water"), cocaine ("a little toy"), and fentanyl ("blues"). It must be acknowledged that the defendant's "characteristics," therefore, are of someone with no compunction about trafficking in deadly narcotics, with the attendant cunning and amorality such a life requires. The eleven year sentence takes these characteristics into account.

Government's Sentencing Memorandum - 4
U.S. v. Rodriguez-Payan, CR17-233JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1

**C.  The Nature and Circumstances of the Offense.**

2      The sentence recommendation also considers the nature and circumstances of the

3 defendant's offense. This drug and money laundering scheme lasted for many months,

4 extended up and down the I-5 corridor, into Mexico, and involved many kilograms of

5 heroin, as well as cocaine, fentanyl, and methamphetamine. Aside from its geographic

6 reach and variety of products, this conspiracy was unique in that it stood at the vanguard

7 of the deadly fentanyl trade in this District. When DEA agents seized "blue pills" from

8 the defendant's apartment in September 2017, the agents did not know what these pills

9 were. They do now. The defendant and his compatriots were the advance team for one of

10 the deadliest illicit drug epidemics to ever hit Western Washington. The serious nature of

11 this enterprise cannot be overstated.

12      Fentanyl was not the only drug this enterprise poured into the community. Heroin

13 was its stock in trade. During one wiretapped message (on 3 July 2017), co-conspirator

14 Jason Taylor texted the defendant to tell him (about his heroin): "If I keep getting stuff

15 this good from you, I'll have the whole city [of Spokane] buying from me in no time."

16 Words to be proud of. Two weeks later, in August 2017, the conspiracy was rattled when

17 police seized thirteen pounds of heroin as it was coming up from southern California. At

18 the takedown in September 2017, agents seized more than six pounds of heroin. The list

19 could go on, but the point is clear – the defendant and his co-conspirators were

20 responsible for distributing significant quantities of deadly heroin and fentanyl into

21 Washington State.

22

**D.  The Need for Deterrence.**

23      The eleven year sentence is necessary to promote respect for the law, and to deter

24 the defendant and other drug traffickers from continuing their deadly trade.

25 //

26 //

27 //

28

Government's Sentencing Memorandum - 5
U.S. v. Rodriguez-Payan, CR17-233JLR

### E. The Need to Avoid Unwanted Sentencing Disparities

The parties have attempted to fashion a recommendation that properly accounts for the defendant's sentence in relation to his co-defendants. The following chart reveals the hierarchy of these sentences:

| Defendant | Factors | Sentence |
|---|---|---|
| Francisco Ruelas-Payan | Local leader with defendant; guns and heroin at arrest | 180 months (15 years) |
| **Jesus Rodriguez Payan** | **Local leader; no criminal history, and no guns** | **132 months (11 years)** |
| Jung Min Kang | Everett drug re-seller; possessed guns; criminal history | 120 months |
| Jason Taylor | Spokane area re-seller; possessed guns; criminal history | 120 months |
| Jorge Mathus-Velasquez | Re-seller | 60 months |
| Agustin Delgado-Ibarra | Money launderer | 60 months |
| Felix Antonio Sarabia Pena | Re-seller | 72 months |
| Jorge Ulloa Sarmiento | Money launderer for the conspiracy | 46 months |
| Jario Matus-Villalobos | Bought from Ruelas-Payan | 33 months |

Government's Sentencing Memorandum - 6
U.S. v. Rodriguez-Payan, CR17-233JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| | | |
|---|---|---|
| Jose de la Cruz Rodriguez | Arrested at takedown/limited involvement otherwise | 28 months |
| Nelly Romero Romero | Lower level dealer | 24 months |
| Maria DeLeon | Ruelas-Payan's girlfriend; limited role | DREAM Court graduate |

The joint sentence recommendation, when placed in this hierarchy, appears to properly account for the defendant's role (the proposed sentence is higher than that of any other conspirator except for Mr. Ruelas-Payan), the fact that he did not possess firearms, and his lack of criminal history. Importantly, these latter two factors distinguish him from defendants Kang, Taylor, and Ruelas Payan.

For example, Jung Kang was a convicted felon who pleaded guilty to possessing multiple firearms. Agents recovered three firearms from Kang's residence (two semiautomatic pistols and a semiautomatic shotgun), as well as ammunition and magazines. Kang had seven criminal history points, including a prior Washington State felony drug conviction for Possession with Intent to Distribute.

Jason Taylor's ten year sentence resulted from similar circumstances. At arrest, Taylor possessed four guns, including an AR-15 assault rifle. He had thirteen criminal history points arising from multiple convictions in Tennessee, California, and Washington. His most recent conviction had been a felony drug offense in California for trafficking in heroin, cocaine, and fentanyl, for which he had received a suspended sentence and had absconded from supervision.

Francisco Ruelas-Payan received a fifteen year sentence – four years higher than the government is recommending for Mr. Rodriguez-Payan. However, Ruelas-Payan

Government's Sentencing Memorandum - 7
U.S. v. Rodriguez-Payan, CR17-233JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  possessed two handguns – a Taurus revolver and a .40 caliber semi-automatic pistol, as

2  well as an AR-15 magazine. On intercepted wiretap calls, DEA agents heard Ruelas-

3  Payan discussing shipping guns back to Mexico. As the government explained in its

4  Sentencing Memorandum for Mr. Ruelas-Payan:

5          Equally important, Defendant made the decision to arm

6          himself. He appears to have shipped guns back to Mexico,

7          where they undoubtedly are used in the hyper-violent

8          environment seen in that country due to the drug trade. The

9          fact that a loaded magazine for an assault rifle – but not the

10         rifle itself – was recovered should concern the Court. He also

11         possessed other guns, including a large-caliber revolver, and

12         was carrying a firearm when he was arrested. Gun possession

13         by drug traffickers exposes others, including law

14         enforcement, to potential violence, and is an aggravating

15         factor.

16

17 Placed in this context, the defendant, who has no criminal history, and possessed no

18 firearms or ammunition, appears deserving of the more lenient eleven year sentence

19 recommendation.

20 //

21 //

22 //

23

24

25

26

27

28

Government's Sentencing Memorandum - 8
U.S. v. Rodriguez-Payan, CR17-233JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## II.    CONCLUSION

In sum, the § 3553 factors justify the parties' agreed recommendation of eleven years confinement. This sentence acknowledges the defendant's unique characteristics, will achieve the ends of justice, and is no longer than necessary.

DATED this 28th day of February, 2020.

Respectfully submitted,

BRIAN MORAN
United States Attorney

s/Mike Lang
MIKE LANG
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:    (206) 553-7970
Fax:              (206) 553-2502
E-mail:          mike.lang@usdoj.gov

Government's Sentencing Memorandum - 9
U.S. v. Rodriguez-Payan, CR17-233JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*/s/ John M. Price*
JOHN M. PRICE
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Phone:  (206) 553-4228
Fax:      (206) 553-4440
E-mail:  john.price2@usdoj.gov

Government's Sentencing Memorandum - 10
U.S. v. Rodriguez-Payan, CR17-233JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970